FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2023 FEB -2 PM 2:04

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:23-cr-40-SCB-CPT

18 U.S.C. § 1956(h)

JIGNESH PURUSHOTTAMBHAI VEKARIA

## INDICTMENT

The Grand Jury changes:

### COUNT ONE
(Money Laundering Conspiracy)

**A.   Introduction**

At times relevant to this Indictment:

1. JIGNESH PURUSHOTTAMBHAI VEKARIA, a resident of the Middle District of Florida, participated in the laundering of fraud proceeds by, among other things, providing money couriers with tracking information for commercial carrier packages containing fraudulently-obtained cashier's checks, driving money couriers to retrieve fraudulently-obtained cashier's checks sent by victims, purchasing money orders using proceeds of the fraudulently-obtained cashier's checks, and providing the fraud proceeds to others or depositing proceeds into bank accounts, as directed by other conspirators.

2. A "call center" was an organization, often located in India, staffed by individuals who made telephone calls to potential victims residing in the United States ("U.S."), and caused those victims to send money to the defendant and other

conspirators using false and fraudulent means, including Social Security Administration ("SSA") impersonation fraud and Internal Revenue Service ("IRS") impersonation fraud.

3. SSA impersonation fraud was a fraud scheme in which individuals working at India-based call centers impersonated SSA employees and misled U.S. residents to believe that their Social Security numbers had been compromised and that, in order to resolve the situation, the U.S. resident victims needed to send money to purported government agents.

4. IRS impersonation fraud was a fraud scheme in which individuals working at India-based call centers impersonated IRS employees and misled U.S. residents to believe that they owed money to the IRS and would be arrested and fined if they did not pay their alleged back taxes immediately.

### B. The Conspiracy

5. Beginning on an unknown date, but no later than in or around April 2018, and continuing through at least in or around September 2018, in the Middle District of Florida and elsewhere, the defendant,

JIGNESH PURUSHOTTAMBHAI VEKARIA,

did knowingly and voluntarily combine, conspire, confederate, and agree with Hemalkumar Shah, Nishitkumar Patel and others, both known and unknown to the Grand Jury, to commit certain offenses, to wit:

a. knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct, and attempt

to conduct, a financial transaction, which in fact involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    b.  knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct, and attempt to conduct, a financial transaction which, in fact involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

    C.  **Manner and Means of the Conspiracy**

  6.  The manner and means by which conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

    a.  It was part of the conspiracy that conspirators would and did engage in a scheme to extract money from victims by telephoning them and making false and fraudulent misrepresentations.

    b.  It was further part of the conspiracy that conspirators would and did, at times, falsely and fraudulently represent themselves to be U.S. government officials and would and did obtain money from said victims by falsely and fraudulently representing that the victims' Social Security numbers had been used in

connection with criminal activity, and that to assist in the ongoing investigation and receive new Social Security numbers, the victims needed to liquidate their financial accounts.

      c.    It was further part of the conspiracy that conspirators often would and did threaten the victims that they could face arrest, prosecution, or other legal consequences if they did not cooperate in the purported ongoing investigation.

      d.    It was further part of the conspiracy that conspirators would and did direct victims to transmit their money to the defendant and/or to other conspirators by sending cashier's checks via Commercial Interstate Carrier #1 ("CC #1").

      e.    It was further part of the conspiracy that the defendant and other conspirators would and did retrieve the packages containing cashier's checks sent by victims from CC #1 locations in the Middle District of Florida and elsewhere and cash said checks at various banking institutions.

      f.    It was further part of the conspiracy that the defendant and/or other conspirators would and did provide fraud proceeds to other conspirators in cash, so the proceeds could be concealed and further diverted as directed by coconspirators.

      g.    It was further part of the conspiracy that the defendant and/or other conspirators would and did deposit fraud proceeds into other U.S. bank accounts as directed by conspirators.

h. It was further part of the conspiracy that conspirators would and did use proceeds of the fraud scheme to cover costs associated with the scheme, compensate conspirators involved in the scheme commensurate with their respective roles, and otherwise to promote and perpetuate the scheme.

i. It was further part of the conspiracy that conspirators would and did engage in multiple meetings, perform acts, and make statements to promote and achieve the objects of the conspiracy and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

In violation of 18 U.S.C. § 1956(h).

## FORFEITURE

1. The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

2. Upon conviction of a violation of 18 U.S.C. § 1956(h) the defendant, JIGNESH PURUSHOTTAMBHAI VEKARIA, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

3. The property subject to forfeiture includes, but is not limited to, an order of forfeiture in the amount of $372,000, which represents the proceeds involved in the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Suzanne Huyler
Special Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JIGNESH PURUSHOTTAMBHAI VEKARIA

## INDICTMENT

Violations: 18 U.S.C. § 1956(h)

A true bill,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
                    Foreperson

Filed in open court this 2 day of February, 2023.

_____
                    Clerk

Bail $_____

GPO 863 525